UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHASE HUGHES and PRO
BUSINESS PLANS LLC,

    Plaintiffs,

v.                                        Case No.:  2:24-cv-551-SPC-NPM

JON M. REGISTER and
GHOSTAURANT, LLC,

    Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court after sua sponte review of the complaint (Doc. 1).  The Court is "obligated to inquire into subject matter jurisdiction whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F. 3d 405, 410 (11th Cir. 1999).  Additionally, the court can dismiss complaints considered "shotgun pleadings." *Weiland v. Palm City Beach Cnty. Sherriff's Office*, 792 F.3d 1316, 1320 (11th Cir. 2015).  Because Plaintiffs' jurisdictional allegations are inadequate, and the complaint is a shotgun pleading, the Court dismisses the complaint without prejudice.

    **I.**    **Diversity Jurisdiction**

The party asserting jurisdiction bears the burden of establishing subject-matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992). In their complaint, Plaintiffs invoke *only* diversity jurisdiction under 28 U.S.C § 1332. (Doc. 1 ¶ 7). Diversity jurisdiction has two requirements. First, all plaintiffs must be citizens of different states than all defendants. 28 U.S.C. § 1332(a)(1). Second, the amount in controversy must exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). This is determined at the time of filing.

The complaint states that Plaintiff Hughes resides in Ashland, New York, and his company, Plaintiff Pro Business Plans, LLC (PBP), is a limited liability company formed under the laws of Delaware. (Doc. 1 ¶¶ 3-4). The complaint also states that Defendant Register resides in Fort Myers, Florida, and his company, Defendant Ghostaurant, LLC, dba Virturant, is a limited liability company formed under the laws of Florida. (*Id.* ¶¶ 5-6).

But Plaintiff Hughes and Defendant Register's citizenship is determined by where they are domiciled—not where they reside. *See, e.g.*, *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *McCormick v. Anderholt*, 293 F.3d 1254, 1557-58 (11th Cir. 2002) (defining citizenship as a person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment … to which he has the intention of returning whenever he is absent therefrom[.]"). Further, an LLC, like Plaintiff Pro Business Plans and Defendant Ghostaurant, "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holding*

*L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Plaintiffs allege nothing about the citizenship of the two LLC parties' members.  Without more, diversity of citizenship is unclear.

## II.   Shotgun Pleading

Federal Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland,* 792 F.3d at 1321-23 (defining the four types of shotgun pleadings).

The complaint is a shotgun pleading because it has "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.*  Both Count I and Count II state that "Plaintiffs incorporate and reallege every allegation set forth above." (Doc. 1 at ¶ 35, 47).

In non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to sua sponte allow a litigant one chance to remedy such deficiencies.  *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).  This is Plaintiffs' chance.

Accordingly, it is now

**ORDERED:**

1. The complaint (Doc. 1) is **DISMISSED without prejudice.**

2. **On of before July 31, 2024,** Plaintiffs must file an amended complaint consistent with this order.  **Failure to comply could result in dismissal without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 17, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4